# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**REVERSE MORTGAGE FUNDING, LLC,**

    **Plaintiff,**

        v.

**THE ESTATE OF ANGEL RAFAEL ANTONINI-NAZARIO, et al,**

    **Defendants.**

Civil No. 16-3092 (ADC)

## OPINION AND ORDER

**I.    Procedural Background**

Plaintiff, through counsel, brought this foreclosure action under 28 U.S.C. § 1332 alleging that complete diversity exists among the parties and that the amount in controversy exceeds the statutory threshold amount. **ECF No. 1** at 1. The original complaint filed in December 2016 asserted that plaintiff was a "**corporation** with its principal place of business located at **3900 Capital City Blvd., Lansing, MI 48906**." *Id*., at 2 (emphasis added). Plaintiff did not include any information regarding its place of incorporation. *Id*.

Two months later, plaintiff filed an amended complaint. **ECF No. 15**. Plaintiff again asserted that the action was brought under the diversity statute. *Id*. Nonetheless, the amended complaint's only showing of complete diversity hinged on the assertion that plaintiff is a "**corporation** with its principal place of business located at **3900 Capital City Blvd., Lansing,**

**MI 48906**." **ECF No. 15** at 2 (emphasis added). Once again, plaintiff failed to proffer its place of incorporation. *Id*.

Pursuant to this Court's *sua sponte* obligation to inquire into its own subject matter jurisdiction and noticing the unprecedented increase in foreclosure litigation in this District, the Court ordered plaintiff to clarify whether it is a corporation or a limited liability company ("LLC"). **ECF No. 49** at 2. The Court also explained the diversity statute requirements for both corporations and LLC's pursuant to the applicable case law and pointed out that the amended complaint failed to establish plaintiff's place of incorporation.

On December 16, 2019, plaintiff filed a two-page motion "in compliance" with the Order stating that plaintiff:

> clarifies that [plaintiff] is a limited liability corporation incorporated in Delaware, which sole member is Reverse Mortgage Investment Trust Inc. (RMIT), incorporated in Maryland and Reverse Mortgage Funding, LLC's principal place of business is in Bloomfield, NJ. **ECF No. 50**.

After a careful review of plaintiff's motion at **ECF No. 50,** the Court entered an Order granting plaintiff yet another opportunity to meet its burden. **ECF No. 53**. Furthermore, the Court underscored the fact that after all these years plaintiff now avers that its principal place of business was not in Michigan but instead in New Jersey. *Id.* Moreover, the Court also noted that the motion in compliance missed its mark as it did not proffer sufficient information to ascertain jurisdiction. *Id*. The Court noted that plaintiff:

> failed to properly identify what type of legal entity its 'sole member' is. Considering plaintiff's track record in this case, the Court cannot be certain if plaintiff's 'sole member' is a corporation or not. But more importantly,

even if the Court assumed that plaintiff's 'sole member' was a corporation, the Court would still not be able to determine that complete diversity exists as plaintiff did not proffer Reverse Mortgage Investment Trust Inc.'s principal place of business. *Id.*, at 3.

Considering all loose ends regarding plaintiff's citizenship, the Court granted plaintiff a second opportunity to establish diversity and instructed plaintiff to file an affidavit of jurisdictional facts with all the relevant information. **ECF No. 53**. The Court explicitly warned plaintiff that "failure to comply with this order may result in sanctions, including the dismissal without prejudice of the action." *Id*. Finally, the Court granted plaintiff until February 18, 2020 to comply. *Id*.

On February 13, 2020, plaintiff's co-counsel, Valerie Hernández-Hernández, filed a motion to withdraw as plaintiff's legal representative leaving attorney Joel Figueroa-Rivera, from GLS Legal Services, LLC, as plaintiff's attorney of record. **ECF No. 54**. The motion to withdraw at **ECF No. 54** was signed by attorney Valerie Hernández-Hernández and attorney Charline M. Jiménez-Echevarría, also from GLS Legal Services, LLC. *Id*.

Plaintiff failed to comply with the Order at **ECF No. 53.**

## II. Analysis

Here, the Court cannot ascertain that diversity exists among the parties. Rule 11(b) of the Federal Rules of Civil Procedure holds attorneys responsible for "assur[ing] that all pleadings, motions and papers filed with the court are factually well-grounded, legally tenable and not interposed for any improper purpose." *Mariani v. Doctors Associates, Inc.*, 983 F.2d 5, 7 (1st Cir. 1993) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Despite Rule 11's mandate,

the Court finds significant inconsistencies among plaintiff's representations, which to this date remain unclear. As noted at **ECF No. 53**, plaintiff has repeatedly failed to explain why its alleged principal place of business is in New Jersey instead of Michigan. To make matters worse, plaintiff now claims to be a "limited liability corporation"[1] under Delaware law. **ECF No. 50**.

But even if the Court disregards all the discrepancies, the available information is insufficient to ascertain that complete diversity exists among the parties and, thus, that the Court has subject matter jurisdiction over this action. In this District Court, citizenship of a limited liability company or LLC is determined by the citizenship of all of its members. *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006). A sheer statement asserting that the plaintiff's members are not of the same citizenship as defendant fails to meet plaintiff's burden to show complete diversity. *See D.B. Zwirn Spec. Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011).

Plaintiff asserts that it is a limited liability company "which sole member is Reverse Mortgage Investment Trust Inc. (RMIT), incorporated in Maryland." **ECF No. 50.** However, plaintiff did not proffer Reverse Mortgage Investment Trust Inc.'s principal place of business. It is well settled that under 28 U.S.C. § 1332 a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Notably, with regard to a corporation, diversity must be satisfied at its principal place of business and its place of

---

[1] Plaintiff confuses the legal term "company" with "corporation" in its filings.

incorporation. *ACCO Brands USA LLC v. Piñeyro y Lara Comercial S.A.*, 27 F. Supp.3d 256, 260 (D.P.R. 2014). Here, it is impossible for the Court to determine plaintiff's sole member's citizenship.

In light of the fact that the Court is unable to determine that complete diversity exists between the parties, the Court hereby **DISMISSES** without prejudice the amended complaint for lack of subject matter jurisdiction, as no alternative ground for jurisdiction has been brought by plaintiff. The Motion for Default Entry at **ECF No. 52** is **MOOT**.

Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of February, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**